23CA1606 Wright v Boyd 08-29-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1606 Jefferson County District Court No. 22CV30839 Honorable Meegan A. Miloud, Judge Michael Wright, Plaintiff-Appellant, v. Trina Boyd, Defendant-Appellee. JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE WELLING J. Jones and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 29, 2024 Buchalter, Clayton W. Barnett, Denver, Colorado, for Plaintiff-Appellant Pearson & Paris, P.C., Stephen J. Carbonneau, Lakewood, Colorado, for Defendant-Appellee 
 1 ¶ 1 Plaintiff, Michael Wright, appeals the trial court’s judgment dismissing his complaint for lack of subject matter jurisdiction. We affirm the judgment and remand the case with directions. I. Background ¶ 2 During the 2021-2022 school year, Wright and defendant, Trina Boyd, both worked for Weld County School District RE-3J (RE-3J). RE-3J employed Wright as a teacher for the visually impaired, and Boyd served as an orientation and mobility specialist for numerous schools across the state, including those in RE-3J. ¶ 3 On April 4, 2022, Boyd sent an email from her personal email address to her and Wright’s then supervisor discussing individual education plans for students under the supervision of both Wright and Boyd. In part, the email stated the following: There were two goals that [Wright] did not work on at all for the year [with Student]. He had one to work on cooking with [Student]. He kept telling [Student] that he couldn’t find a location. Within [fifteen] minutes at Central, I was able to find a location and the teacher was open to [Student] working in the classroom when she was not using it to cook in. Also, she said that it could be used after school. But that makes me concerned because of [Wright’s] past history of being escorted out of a school in Adams 12. I have heard that 
 2 [Wright] was working with kids in a small room and the door was locked. YIKES! Also, I have heard about some information within Weld County [RE-5J] about [Wright] working with student[s] alone in classrooms with the lights out. ¶ 4 On July 21, 2022, Wright filed a complaint in district court alleging that Boyd’s email contained defamatory statements about him that caused direct and special damages to his personal and professional reputation and directly caused the termination of his employment with RE-3J. In his complaint, Wright alleged that “[Boyd] is an Orientation and Mobility Specialist employed to provide services within Weld County RE-3J School District.” (Emphasis added.) Wright never sent prefiling notice of the claim to Boyd, RE-3J, or anyone else. ¶ 5 Boyd filed a motion to dismiss, arguing that (1) the Colorado Governmental Immunity Act (CGIA) barred the lawsuit; (2) Wright had failed to comply with the CGIA’s notice requirements, which are a jurisdictional prerequisite to suing Boyd as a public employee who was acting within the scope of her employment; (3) Wright’s complaint had failed to plausibly allege a claim of relief; and 
 3 (4) Boyd’s statements in the email were constitutionally protected speech. ¶ 6 After Boyd filed her motion to dismiss, Wright filed an amended complaint. In his amended complaint, Wright again alleged that “[Boyd] is an Orientation and Mobility Specialist employed to provide services within Weld County RE-3J School District” and that she had sent the actionable email “outside the scope of her employment.” (Emphasis added.) Wright didn’t challenge Boyd’s status as a “public employee,” only whether Boyd had acted within the scope of her public employment when she sent the email. ¶ 7 Boyd filed a renewed motion to dismiss two weeks later, again arguing that Wright’s lawsuit was barred by the CGIA for the same reasons set forth in her original motion to dismiss. In his response, Wright acknowledged that Boyd “is an Orientation and Mobility specialist employed to provide services within Weld County RE-3J School District” but argued that the CGIA didn’t apply because Boyd had sent the allegedly defamatory email in her individual capacity, not while acting within the scope of her employment. Wright also requested in the alternative that the trial court permit 
 4 limited discovery in advance of a hearing pursuant to Trinity Broadcasting of Denver, Inc. v. City of Westminster, 848 P.2d 916 (Colo. 1993), to determine the narrow issue of whether Boyd was acting within the scope of her employment when she sent the allegedly defamatory email. ¶ 8 The trial court declined to hold a Trinity hearing or permit discovery and granted Boyd’s motion to dismiss. In its order dismissing the amended complaint, the trial court determined that Boyd was a public employee and that she had sent the email while acting within the scope of her employment. The trial court further concluded that Wright hadn’t pleaded facts sufficient to establish that Boyd had acted willfully or wantonly when she sent the allegedly defamatory email. Accordingly, the trial court concluded that the CGIA barred the lawsuit because Wright hadn’t complied with the CGIA’s prefiling notice requirements. II. Analysis ¶ 9 On appeal, Wright argues that the trial court erred by dismissing his claim against Boyd for lack of subject matter jurisdiction because (1) Boyd was an independent contractor and the CGIA doesn’t provide immunity to independent contractors; and 
 5 (2) even assuming Boyd was a public employee, the CGIA doesn’t apply because (a) the court’s finding that she acted within the scope of her employment was premature given the lack of discovery and (b) Wright sufficiently alleged in his complaint that Boyd had acted willfully and wantonly when she sent the allegedly defamatory email, which abrogates immunity. ¶ 10 Because Wright didn’t preserve his contention that Boyd was an independent contractor and because the trial court properly determined, based on Wright’s own allegations and the arguments presented to it, that the CGIA applied to Wright’s claims, Wright was required to give prefiling notice and he failed to do so. Accordingly, we affirm the trial court’s dismissal of Wright’s amended complaint and remand the case with directions regarding Boyd’s request for attorney fees. A. The Colorado Governmental Immunity Act 1. Applicable Legal Principles and Standard of Review ¶ 11 Generally, the CGIA protects government entities and public employees acting within the scope of their employment from lawsuits in tort. See § 24-10-105(1), C.R.S. 2024. This immunity doesn’t extend to independent contractors hired by a government 
 6 entity. § 24-10-103(4)(a), C.R.S. 2024 (“‘Public employee’ means an officer, employee, servant, or authorized volunteer of the public entity . . . but does not include an independent contractor . . . .”). If a person seeks to bring a lawsuit in tort against a public employee, there are specific notice requirements that are “a jurisdictional prerequisite to any action brought under” the CGIA. § 24-10-
109(1), C.R.S. 2024 (emphasis added). Failing to give prefiling notice for a CGIA claim is a jurisdictional defect necessitating dismissal. Villalpando v. Denver Health & Hosp. Auth., 181 P.3d 357, 361 (Colo. App. 2007). ¶ 12 The CGIA also doesn’t provide immunity to public employees when their actions or omissions giving rise to the cause of action are willful and wanton. § 24-10-105(1). “In any action in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint.” § 24-10-110(5)(a), C.R.S. 2024. Importantly, however, alleging that a public employee acted willfully and wantonly doesn’t relieve a plaintiff from complying with the prefiling notice requirements as a jurisdictional prerequisite to filing suit. See § 24-10-109(1) (“Any person claiming 
 7 to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section . . . .”) (emphasis added). ¶ 13 When the facts relating to immunity are in dispute, a trial court must hold a Trinity hearing “to definitively resolve all issues of immunity before trial.” Finnie v. Jefferson Cnty. Sch. Dist. R-1, 79 P.3d 1253, 1258 (Colo. 2003). The purpose of a Trinity hearing is “to develop facts relating to immunity issues” with discovery and evidentiary presentations. Id. at 1260. Only if the facts relating to immunity are undisputed may a trial court rule on the issue of immunity based on the pleadings alone. Id. ¶ 14 “Whether the CGIA applies to protect the government from suit is a question of subject matter jurisdiction governed by the standard for dismissal pursuant to C.R.C.P. 12(b)(1).” Maphis v. City of Boulder, 2022 CO 10, ¶ 13. A plaintiff bears the burden of proving that a government entity has waived sovereign immunity and a suit in tort may go forward. Id. In the CGIA context, the plaintiff’s burden is “relatively lenient, as the plaintiff is afforded the 
 8 reasonable inferences from her undisputed evidence.” City & Cnty. of Denver v. Dennis, 2018 CO 37, ¶ 11. ¶ 15 We review a trial court’s decision of whether to hold a Trinity hearing for an abuse of discretion. Bilderback v. McNabb, 2020 COA 133, ¶ 10. A court abuses its discretion when it misapplies the law or its decision is manifestly arbitrary, unreasonable, or unfair. Antero Res. Corp. v. Strudley, 2015 CO 26, ¶ 14; Freedom Colo. Info., Inc. v. El Paso Cnty. Sheriff’s Dep’t, 196 P.3d 892, 899 (Colo. 2008). ¶ 16 The issue of sovereign immunity presents a mixed question of law and fact. Maphis, ¶ 14. If “the facts are undisputed and the issue is one of law,” we review the trial court’s jurisdictional ruling de novo. Tidwell v. City & Cnty. of Denver, 83 P.3d 75, 81 (Colo. 2003). 2. Boyd’s Public Employment Status ¶ 17 Wright first argues that the trial court erred by dismissing his claim for lack of subject matter jurisdiction because Boyd was an independent contractor, not a public employee, and therefore the CGIA doesn’t apply. To support his contention, Wright argues that the trial court was required to hold a Trinity hearing to determine 
 9 the issue of sovereign immunity. We conclude that the trial court didn’t err. a. Additional Background ¶ 18 In his amended complaint, Wright alleged that “[Boyd] is an Orientation and Mobility Specialist employed to provide services within Weld County RE-3J School District” and that she had sent the actionable email “outside the scope of her employment.” (Emphasis added.) Both Boyd’s motion to dismiss and renewed motion to dismiss pointed to Wright’s language that she was “employed” to provide services in RE-3J to argue that the CGIA barred suit. To support her position, Boyd argued in both her original and renewed motion to dismiss that (1) “[t]he Amended Complaint is void of any allegation that [Boyd] is not a ‘public employee’”; (2) Boyd had sent the allegedly defamatory email within the scope of her employment as a public employee; and (3) to waive CGIA immunity, Wright needed to allege facts sufficient to support a conclusion that CGIA immunity had been waived and he had failed to meet this burden. ¶ 19 In his response, Wright argued that the CGIA didn’t bar this claim because “[Boyd] made the statements in her personal capacity 
 10 and was not acting within the scope of her employment,” and because Boyd wasn’t acting in the scope of her employment, the CGIA notice requirements weren’t applicable. Notably, Wright didn’t assert that Boyd was an independent contractor or otherwise place Boyd’s status as a public employee into dispute. ¶ 20 The trial court declined to hold a Trinity hearing, concluding that all of the facts necessary to determine the immunity issue were undisputed. See Finnie, 79 P.3d at 1260. Based on the information presented in the parties’ briefs, the relevant pleadings, and applicable law, the court found that “Boyd’s email and the alleged defamation statements therein[] were published within the scope of her employment as a public employee.” b. The Trial Court Properly Determined that the CGIA Applied to Wright’s Claim Against Boyd ¶ 21 For the first time in this litigation, in his opening brief to this court, Wright contends that the CGIA isn’t applicable to Boyd because she’s an independent contractor, not a public employee. See § 24-10-103(4)(a) (explicitly excluding “an independent contractor” from the definition of “public employee”). Wright contends that in the wake of the trial court proceedings, his counsel 
 11 discovered that Boyd, “without question,” was an independent contractor — a fact “undoubtedly known by” Boyd during the motion to dismiss proceedings — and alleges that had the trial court allowed discovery on the scope of employment issue, Wright would have become aware of Boyd’s employment status during the motion to dismiss stage.
1 We disagree for the following reasons. ¶ 22 First, Wright failed to preserve the contention that the CGIA didn’t apply to Boyd because she was an independent contractor because Wright never alleged or argued to the trial court that Boyd was an independent contractor. Wright’s only basis for asserting that the CGIA didn’t apply to Boyd was that she acted outside the scope of her employment as a public employee at RE-3J when she sent the allegedly defamatory email. Therefore, whether the trial court erred by failing to assess whether Boyd was an independent contractor isn’t preserved for our review. Marcellot v. Exempla, Inc., 2012 COA 200, ¶ 11 (stating that appellate courts “generally will 1 We still don’t know the basis for Wright’s contention that Boyd was an independent contractor. But, for the reasons discussed below, it doesn’t matter because the issue wasn’t presented to the trial court. 
 12 not address for the first time on appeal issues not raised in or decided by the trial court”). ¶ 23 Second, the trial court properly declined to hold a Trinity hearing because there were no disputed facts regarding the only contested issue concerning the applicability of the CGIA — namely, whether Boyd was acting within the scope of her employment. And the record supports the trial court’s conclusion that Boyd had sent the allegedly defamatory email in her scope of employment because, as the trial court correctly observed, the email is primarily concerned with a student’s individual education plan and Boyd’s concerns as to Wright’s ability to implement that plan, as well as other workplace concerns. On appeal, Wright doesn’t seem to challenge the propriety of the trial court’s scope of employment finding, except to the extent he contends the finding shouldn’t have been made prior to permitting discovery. In any event, we conclude that the trial court didn’t abuse its discretion by declining to hold a Trinity hearing because the issue of whether Boyd was a public employee wasn’t put into dispute and the court had the information necessary to determine the only issue in dispute, whether Boyd 
 13 sent the allegedly defamatory email while acting in the scope of her employment. See Strudley, ¶ 14. ¶ 24 Thus, the trial court properly determined that the CGIA applied based upon the allegations, evidence, and argument presented to it. And because the CGIA applied, prefiling notice was required. § 24-10-109(1). This is true regardless of whether Wright adequately alleged in his complaint that Boyd had engaged in willful and wanton conduct by sending the allegedly defamatory email. Id. Wright never provided the notice required by the CGIA. This is a jurisdictional defect requiring dismissal. Indeed, Wright doesn’t dispute that he failed to give notice. Accordingly, the trial court properly dismissed Wright’s complaint. c. Wright’s Assertion that Boyd Misrepresented Her Status as a Public Employee Doesn’t Warrant a Different Result ¶ 25 Wright argues that because Boyd misrepresented her status as a public employee in her motion to dismiss, justice requires reversal. We disagree. ¶ 26 Setting aside that we don’t know the basis for Wright’s assertions that (1) Boyd “without question” was an independent contractor and (2) Boyd somehow knowingly misrepresented her 
 14 status as a public employee to the trial court, this — a direct appeal from an otherwise proper dismissal — isn’t the proper forum for raising this contention for the first time. Notably, Wright didn’t file any motion under C.R.C.P. 59, C.R.C.P. 60, or otherwise with the trial court advancing his contention that Boyd somehow misled him or the trial court regarding her status as a public employee. ¶ 27 The gravamen of Wright’s argument appears to be that had the court granted his request for a Trinity hearing (and the attendant discovery), he would’ve discovered and been able to argue that Boyd was an independent contractor — something he now believes is beyond dispute. He seems to argue that the “interest of justice” requires us to overlook whether his actual arguments to the trial court required it to conduct a Trinity hearing. It doesn’t. Instead, for the reasons discussed in Part II.A.2.b above, we conclude that the trial court didn’t err by determining that a Trinity hearing wasn’t necessary for it to resolve the CGIA immunity issue. Alleging new factual claims for the first time in an appellate brief isn’t a basis for reversal. 
 15 3. Willful and Wanton Conduct ¶ 28 Finally, Wright argues that the trial court erred by dismissing his claim for lack of subject matter jurisdiction because, even if Boyd was a public employee who acted within the scope of her employment when she sent the allegedly defamatory email, the CGIA doesn’t apply given that he sufficiently alleged that Boyd acted willfully and wantonly. The trial court didn’t err. ¶ 29 When a public employee is acting within the scope of his or her employment, the CGIA’s notice requirements must be adhered to regardless of whether the public employee acted willfully or wantonly. See § 24-10-109(1). And a party’s failure to adhere to the CGIA’s notice requirements “forever bar any such action.” Id. ¶ 30 The trial court found that “neither party has stated any position as to whether Ms. Boyd’s conduct in publishing the email was willful or wanton, as the primary issue raised by the parties is whether Ms. Boyd was acting within the scope of her employment or in her personal capacity.” The trial court further found that Wright hadn’t sufficiently pleaded facts that would permit the court to determine whether Boyd acted willfully and wantonly. Accordingly, the trial court concluded that the CGIA applied because Boyd was a 
 16 public employee acting within the scope of her employment and because Wright hadn’t complied with the CGIA’s notice requirements, the CGIA barred the lawsuit. ¶ 31 As the trial court correctly observed, Wright failed to comply with the CGIA’s notice requirements, which is a per se jurisdictional bar. § 24-10-109(1). ¶ 32 Accordingly, we affirm the trial court’s judgment dismissing the case. B. Attorney Fees ¶ 33 Boyd requests that we award her reasonable appellate attorney fees pursuant to section 13-17-201(1), C.R.S. 2024. ¶ 34 A defendant is entitled to an award of reasonable attorney fees “[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under [C.R.C.P.] 12(b).” § 13-17-201(1). ¶ 35 Wright brough a suit in tort against Boyd, Boyd moved the court to dismiss the suit under C.R.C.P. 12(b)(1), and the trial court granted Boyd’s motion to dismiss. Because we affirm the trial 
 17 court’s judgment, we grant Boyd’s request for an award of reasonable attorney fees. ¶ 36 Accordingly, the case is remanded. On remand, the trial court must determine the amount of Boyd’s reasonable attorney fees incurred on appeal. III. Disposition ¶ 37 The trial court’s judgment is affirmed, and the case is remanded with directions. JUDGE J. JONES and JUDGE SCHOCK concur.